UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Carlos Fabian Bano Tixe,
        Petitioner

v.                                    Case No. 26-cv-513-SM-AJ

Andrew Ackley, Warden,
FCI Berlin, et al.,
        Respondents


**O R D E R**


Carlos Fabian Bano Tixe is a civil immigration detainee from Ecuador, currently being detained at the Federal Correctional Institution in Berlin, New Hampshire.  He brings this habeas corpus petition seeking a court order directing respondents to release him immediately from ICE custody or, in the alternative, an order directing the federal respondents to provide him with a prompt, constitutionally adequate bond hearing before a neutral decisionmaker.  See generally 28 U.S.C. § 2241.


For the reasons discussed, that petition is granted to the extent Tixe seeks a bond hearing.

## Background

According to his petition, Tixe entered the United States on or around August 20, 2013, without inspection.  He has an application for a T-nonimmigrant status visa as a victim of human trafficking that has been pending since 2023.

In December of 2025, petitioner was arrested in Massachusetts and charged with assault and battery on a family or household member.  The state court released him on personal recognizance, but he was then detained by immigration authorities.  Shortly thereafter, he was provided a bond hearing but was denied release "based solely on the allegations in a police report" - presumably the report relating to his arrest - on grounds that he is a danger to the community.  See Petition at para. 24.  See also Order of Immigration Judge (document no. 6-3) at 1.  On February 10, 2026, an immigration judge ordered him removed.  Petitioner filed a timely appeal of that decision, which remains pending.

On April 23, 2026, the state charge against petitioner was dismissed.  Shortly thereafter, he was scheduled for a custody redetermination hearing, but the IJ concluded that she lacked jurisdiction to conduct such a hearing.  Petitioner asserts that he is entitled to a new bond hearing based upon changed

2

circumstances, see, e.g., 8 C.F.R. § 103.19(3), and this court's reasoning in Destino v. FCI Berlin, Warden, No. 25-cv-374-SE-AJ, 2025 WL 4010424 (D.N.H. Dec. 24, 2025).

On June 22, 2026, the respondents were directed to show cause why the court should not grant the petition to the extent it seeks an order directing them to afford petitioner a bond hearing based upon his apparent membership in the class certified in Guerrero Orellana v. Moniz, 813 F. Supp. 3d 185 (D. Mass. 2025), and/or his similarity to the petitioner in Destino.

The federal respondents filed their response to the order to show cause on July 2, 2026, in which they maintain that Destino and Guerrero Orellana were wrongly decided, assert that petitioner is an "applicant for admission" subject to mandatory detention pursuant to 8 U.S.C. § 1225, and object to the court granting the relief he seeks. See Response to Order to Show Cause (document no. 6). Nevertheless, they acknowledge that petitioner is similarly situated to the petitioner in Destino and appears to be a member of the certified class in Guerrero Orellana. Id. at 10. They also concede that if the court were to apply Destino's reasoning to the facts presented in this case, it would reach the same result and order that petitioner be afforded another bond hearing before an IJ. See Id. at 2

3

("For the reasons articulated in more detail below, Respondents object to the Petition, but understand that if this Court were to find that Petitioner is similarly situated to petitioner in Destino and part of the class in Guerreo-Orellano, Petitioner would be entitled to another bond hearing in front of an Immigration Judge ("IJ") to determine his detention based on changed circumstances.").[1]

**Conclusion**

The respondents have failed to show cause why the court should not order them to afford petitioner a bond hearing before an immigration judge (IJ).  Because the court concludes that the reasoning in Destino applies in this case, the Petition for Writ of Habeas Corpus (document no. 1) is granted, in part.  The respondents are ordered to provide petitioner with a constitutionally adequate bond hearing before an IJ on the basis

---

[1]    The federal respondents note that this case is factually distinguishable from Destino "in that Petitioner's detention is governed by § 1225(b)(2) — not (b)(1), like the petitioner in Destino."  Government Objection, at 10 n.6.  Nevertheless, they recognize that, "the Court's holding in Destino was grounded in the Constitution and not the statutory scheme governing immigration detention.  Accordingly, while Respondents object to the extension of Destino to the § 1225(b)(2) context, they acknowledge that this statutory distinction would not meaningfully alter the Court's due process analysis."  Indeed, the federal respondents acknowledge that this court has been "affording relief based on Destino to habeas petitioners detained under § 1225(b)(2)."  Id. (citations omitted).

4

of materially changed circumstance as soon as practicable, at which the government will bear the burden to either: (1) prove by a preponderance that petitioner is a flight risk; or (2) prove by clear and convincing evidence that he poses a danger to the community.  See Destino, 2025 WL 4010424 at *8.  See also Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021).

If the government fails to provide a bond hearing, the court will set appropriate terms and conditions of the petitioner's release during the pendency of his removal proceedings.

To the extent petitioner seeks an order directing his immediate release, that request is denied without prejudice. The court finds that a bond hearing before an IJ is sufficient to protect his rights at this stage.

The government shall file a status report within fourteen days.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

July 6, 2026

cc:  Counsel of Record

5