UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Carlos Fabian Bano Tixe,
Petitioner

v.

Case No. 26-cv-513-SM-AJ
Opinion No. 2026 DNH 122

Andrew Ackley, Warden,
FCI Berlin, et al.,
Respondents

**O R D E R**

Carlos Fabian Bano Tixe is a civil immigration detainee from Ecuador, currently being detained at the Federal Correctional Institution in Berlin, New Hampshire. He has submitted an application for T-nonimmigrant status (a "T visa") as a victim of human trafficking, which remains pending before U.S. Citizenship and Immigration Services ("USCIS").[1]

[1] According to USCIS, "T nonimmigrant status is a temporary immigration benefit. It enables certain victims of a severe form of trafficking in persons to remain in the United States for an initial period of up to 4 years if they complied with any reasonable request for assistance from law enforcement in the detection, investigation, or prosecution of human trafficking or qualify for an exemption or exception. . . . Congress created this nonimmigrant status (commonly referred to as a T visa) in October 2000 as part of the Victims of Trafficking and Violence Protection Act." (available at: https://www.uscis.gov/humanitarian/victims-of-human-trafficking-t-nonimmigrant-status).

In June of this year, Tixe filed a habeas corpus petition seeking a court order directing respondents to release him immediately from ICE custody. In the alternative, he sought an order directing the federal respondents to provide him with a constitutionally adequate bond hearing before a neutral decisionmaker. See generally 28 U.S.C. § 2241. By order dated July 6, 2026 (document no. 7), the court granted Tixe's petition in part, directing the federal respondents to provide him with a prompt, constitutionally adequate bond hearing. Respondents complied and, on July 14, 2026, Tixe appeared before an immigration judge who denied him bond based upon the conclusion that the government had demonstrated, by clear and convincing evidence, that he poses a danger to the community.

Tixe does not challenge that decision. Instead, he asserts that based upon his pending application for a T visa, he is a member of a class preliminarily certified by the United States District Court for the Central District of California in Immigration Center for Women and Children v. Noem, 351 F.R.D. 324, 2026 WL 1455004 (C.D.Ca. May 20, 2026) ("ICWC"). As a claimed member of that class, Tixe says his continued detention violates the nationwide preliminary injunction issued in ICWC and asserts that he is entitled to immediate release from

custody (notwithstanding the immigration judge's conclusion that he represents a danger to the community).

For the reasons discussed, Tixe's Motion for Further Habeas Relief is denied and his habeas corpus petition is dismissed.

**Discussion**

In ICWC, the court enjoined enforcement of ICE Policy No. 11005.4, Interim Guidance on Civil Immigration Enforcement Actions Involving Current or Potential Beneficiaries of Victim-Based Immigration Benefits (Jan. 30, 2025) (the "2025 Guidance"). As the ICWC court explained,

> The 2025 Guidance expressly repealed previous policy and dramatically changed ICE's enforcement posture towards individuals with pending petitions for victim-based immigration benefits from a policy of refraining from immigration enforcement against such persons in deference to their pending applications, to a policy of enforcement despite their pending applications. The victim-based immigration benefits in issue are VAWA self-petitions, U visas, and T visas.

351 F.R.D. at 348. Among other things, the 2025 Guidance "rescinded and superseded" ICE Directive 11005.3, Using a Victim-Centered Approach with Noncitizen Crime Victims (Dec. 2, 2021) (the "2021 Victim-Centered Guidance") (available at: (available at: https://www.ice.gov/doclib/foia/policy /11005.3_UsingVictim Centered ApproachNoncitizenVictims.pdf).

So, by enjoining enforcement of the 2025 Guidance, the ICWC court implicitly reinstated the 2021 Victim-Centered Guidance. See Id. at 397 ("Pursuant to 5 U.S.C. § 705, the Court hereby STAYS the 2025 Guidance, including its rescission of prior policies. This stay applies in favor of All Individual Plaintiffs, the current and future clients of the Organizational Plaintiffs, and the members of all three Classes.") (emphasis supplied).

The three classes of plaintiffs preliminary certified by the ICWC court are: the "Deferred Action Class," the "Stay of Removal Class," and the "Pending Petition Class." Based upon his pending T visa application, Tixe claims to be a member of the "Pending Petition Class," which encompasses "All individuals with pending principal or derivative U visa petitions, T visa petitions, or VAWA self-petitions who ICE detains or seeks to detain for civil immigration enforcement." ICWC, 351 F.R.D. at 367.

Although the ICWC court did not order the immediate release of any class members who had been detained pursuant to the (now-enjoined) 2025 Guidance, Tixe claims he is entitled to such relief. Specifically, he believes (mistakenly, it would appear) that "the legal basis for [his] detention is the rescinded 2025

Guidance - the very policy the ICWC court enjoined." Petitioner's Memorandum (document no. 11) at 7. The government disagrees and objects on several grounds:

> First, the government argues that a habeas petition is not the proper legal vehicle for Tixe to assert claims based on his membership in the ICWC class. Instead, it contends that such claims should be raised through a separate civil complaint, and the court should not convert his habeas petition into a civil action.
>
> Next, the government asserts that the ICWC order is preliminary and not final, meaning it does not independently establish entitlement to emergency injunctive relief in a separate habeas proceeding like Tixe's.
>
> Finally, turning to the merits of Tixe's claim, the government maintains it is not violating the ICWC injunction because it is no longer relying on the enjoined 2025 Guidance. Rather, it claims to be following the 2021 Victim-Centered Guidance, which was effectively reinstated by the ICWC court's injunction.

See Government's Objection to Further Habeas Relief (document no. 13) at 3-7.

Assuming this is the proper forum in which to resolve Tixe's claims, neither the ICWC preliminary injunction nor the (reinstated) 2021 Victim-Centered Guidance prohibits ICE from taking enforcement actions (including seeking detention) against noncitizens with pending T visa applications, provided "exceptional circumstances" exist. The 2021 Victim-Centered Guidance states that "exceptional circumstances" exist when,

among other things, "the noncitizen poses an articulable risk of death, violence, or physical harm to any person." See ICE Directive 11005.3, Using A Victim-Centered Approach with Noncitizen Crime Victims, at Sec. 3.4 ("Definitions"). Tixe is being detained pursuant to that policy, not the enjoined 2025 Guidance. See Affidavit of Brian E. Sullivan (document no. 13-1) at paras. 13-14.

As the government points out, the United States District Court for the District of Massachusetts recently addressed a claim similar to Tixe's and held that:

> Petitioner has not plausibly established entitlement to habeas relief on his new claim. Although the 2011 Policy and 2021 Directive generally require immigration officials to refrain from taking civil immigration enforcement action against an individual with a pending U visa application [or T visa application], they expressly carve out an exception for "exceptional circumstances." The government represents under oath that, given the nature of the charges underlying petitioner's most recent arrest and his criminal history, immigration officials determined that exceptional circumstances apply here, such that an enforcement action is appropriate even under the 2011 Policy and 2021 Directive.
>
> That petitioner personally disagrees with the merits of that determination does not suffice to establish that ICE violated the requirements of either policy when it detained him for removal proceedings.

Adnrade Vera v. Moniz, No. 26-cv-12378-RGS, Docket Entry 20 (D. Mass. July 6, 2026) (emphasis supplied).

Here, Tixe has twice been found to pose a danger to the community and ineligible for release. First, in June of 2026, an ICE Headquarter Responsible Officer (HRO) reviewed Tixe's case for civil immigration enforcement action under the 2021 Victim-Centered Guidance and concluded that Tixe poses an articulable risk of physical harm to another. His continued detention was based upon that determination. See Affidavit of Brian E. Sullivan (document no. 13-1) at paras. 13-14. Then, roughly five weeks later and pursuant to this court's order, an immigration judge reviewed Tixe's detention de novo, considered whether he should be released on bond, and similarly concluded that he presents a danger to others. See Bond Order of the Immigration Judge (document no. 9-1) at 3-5.[2]

In light of the foregoing, Tixe has failed to demonstrate that he is entitled to additional relief beyond that which was

[2] The immigration judge based her determination largely upon a domestic violence incident during which Tixe struck his wife in the face with a closed fist. The criminal charges against Tixe arising out of that assault were eventually dropped. Nevertheless, the immigration judge concluded that the government proved, by clear and convincing evidence, that Tixe is a danger to the community. She based her finding of dangerousness on, among other things, the police reports of the assault, the victim's statement, photographs of the victim's injuries, and Tixe's admission to police that he punched his wife in the face.

already afforded him - that is, a constitutionally adequate bond hearing before an immigration judge. He has not shown that he is being detained pursuant to the (enjoined) 2025 Guidance, nor has he shown that his detention is otherwise in violation of the preliminary injunction issued in ICWC. Although that preliminary injunction "stays the 2025 Guidance, including its rescission of prior policies," ICWC, 351 F.R.D. at 397, it does not purport to compel ICE to release all noncitizens nationwide who, like Tixe, are currently detained while awaiting action on their application for a T visa. Nor does that order preclude ICE from enforcing the provisions of the 2021 Victim-Centered Guidance (which the injunction in ICWC implicitly reinstates). And, as noted above, under that Guidance, Tixe has been found to pose a danger to the community, thereby warranting his continued detention. Separately, an immigration judge also concluded that he poses a danger and should not be released on bond.

## Conclusion

Tixe has not shown that his detention violates the nationwide preliminary injunction in ICWC or that he is being held pursuant to the (enjoined) 2025 Guidance. Nor has he shown that his detention violates the Constitution or federal law. See generally 28 U.S.C. § 2241. Consequently, his Motion for Further Habeas Corpus Relief (**document no. 10**) is necessarily

denied and his petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 (**document no. 1**) is dismissed. The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

Steven J. McAuliffe
United States District Judge

September 2, 2026

cc: Counsel of Record